(115 App. Div. 78)

### LAMBERT v. WESTCHESTER ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department.  October 12, 1906.)

STREET RAILROADS—EQUIPMENT—GUY WIRE POLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

In an action for injuries to a fireman by striking a guy wire pole maintained by a street railway company, as he was riding from a fire house to a fire on the fire wagon, evidence *held* to require submission of the railway company's negligence in placing the pole too near to the driveway, and plaintiff's contributory negligence, to the jury.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 93.]

Jenks, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Arthur Lambert against the Westchester Electric Railroad Company. From a judgment for defendant, and from an order denying plaintiff's motion for a new trial on the minutes, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

Sydney A. Syme, for appellant.
Edward D. O'Brien, for respondent.

RICH, J. This appeal is taken from a judgment entered upon the dismissal of the complaint, and from an order denying plaintiff's motion for a new trial made upon the minutes, and the only question presented is whether the case should have been submitted to the jury.

The plaintiff was a member of the volunteer fire department of the

city of Mt. Vernon, belonging to a company called the "Fire Patrol Company," which occupied, with its apparatus, the north portion of a building devoted to fire department purposes and housing three companies. This company used a wagon between 4 and 5 feet in width, drawn by two horses, having an entrance at the rear and one on each side between the front and rear wheels; three steps furnishing the means of getting into the wagon from the ground. It was permissible, although not obligatory, for members of the company, when a fire alarm was sounded to ride on this wagon to and from the fire. The front of the building so occupied was 16 feet from the curb of the street on which it fronted. Between it and the curb a flagstone sidewalk 4 feet in width crossed the front, the inside edge of which was 8 feet from the front of the building and the outer edge 4 feet from the curb. The entrance to the building used for running the wagon in and out was 7 feet 4 inches wide in the clear. From this doorway to the curb was a cobble stone driveway 9 feet 7½ inches wide. For a distance from the north line of the driveway, south 12½ feet, the curb had been cut down to permit the more easy passage of the wagon over it. Commencing at this point, and extending south 4 feet 2½ inches, the curb had not been cut down and was of a height of 6 inches above the pavement. Back of this piece of curb the defendant formerly maintained a lattice work pole carrying its wires. The fire patrol wagon had collided with this pole on one or more occasions when leaving the building to go to a fire. In the latter part of June, 1901, the pole inspector of the defendant reported to the president of the company that this pole was decayed, bent towards the street, and that there was danger of the fire apparatus colliding with it in leaving the building. Prior to plaintiff's injury the defendant removed the lattice work pole and replaced it with a round iron pole 6 inches in diameter, set in cement and placed from 7 to 8 inches north of the location of the former pole. From the north side of the new pole to the south side of the driveway was 3 feet 6⅜ inches. The distance between the pole and the north side of the driveway was 13 feet 1⅞ inches.

Between 8 and 9 o'clock on the evening of October 4, 1901, the plaintiff was on the second floor of the building occupied by his company when an alarm of fire was sounded. He ran to the ground floor. As he reached the street the wagon was just being driven out of the house. He jumped upon the steps composing the entrance to the wagon, on its right side (the side nearest the pole of defendant referred to), and while upon the steps the wagon was driven so near the pole that his body was caught between it and the side of the wagon, causing the injuries for which he seeks to recover in this action. The plaintiff testified that he knew and was familiar with the location of the pole. At the close of the evidence the learned trial justice granted defendant's motion for a nonsuit on the grounds: First, that the plaintiff had failed to establish negligence on the part of the defendant; and, second, that there was not sufficient evidence to warrant the submission of the case to the jury of the plaintiff's freedom from contributory negligence.

The action is brought upon the theory that the defendant was negligent in placing and maintaining its pole in an improper position and

place in the street. The defendant being incorporated, and having been given by the municipality the right to erect and maintain its poles in the streets for the proper conduct of its business, the location of its poles cannot be held to be a nuisance or a wrongful obstruction of the street. And yet we think there was evidence in the case from which a jury might be warranted in finding defendant negligent in placing the pole in such close proximity to the driveway, over which it ought to have known · the vehicles of the fire department were frequently driven with great rapidity. The degree of care required of the defendant was that of ordinary prudence and forethought. Did it exercise this care? We think the question is one of fact, and. ought to have been answered by the jury. We are also of opinion that the question of plaintiff's freedom from contributory negligence ought to have been submitted to the jury.

Judgment must therefore be reversed, and a new trial granted; costs to abide the event. All concur, except JENKS, J., who dissents.